UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:24-CR-69-TAV-DCP |
| DARWICK PHILLIPS, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Darwick Phillips's Motion to Continue Trial and All Other Deadlines [Doc. 20], filed on July 23, 2024.

In support of his motion, Defendant asserts that defense counsel was appointed on July 19, 2024, following prior counsel's withdrawal. Defense counsel now requires additional time to review discovery obtained on July 22, 2024. Defendant states he understands that a continuance of the trial date will result in a later trial date, which would necessarily affect the computation of time pursuant to the Speedy Trial Act. Finally, Defendant's motion reflects that counsel for the Government does not oppose a continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to review, discuss, and evaluate discovery with Defendant and otherwise prepare for trial. The Court finds that all of this cannot occur before the August 27, 2024 trial date.

The Court therefore **GRANTS** Defendant Phillips's Motion to Continue Trial and All Other Deadlines [**Doc. 20**]. The trial of this case is reset to **January 14, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on July 23, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Darwick Phillips's Motion to Continue Trial and All Other Deadlines [**Doc. 20**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 14, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **July 23, 2024**, and the new trial date of **January 14, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **August 23, 2024**, and responses to motions are due on or before **September 6, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 13, 2024**;

(6) the deadline for filing motions *in limine* is **December 30, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 3, 2025, at 10:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 7, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge