UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DARWICK PHILLIPS, )<br>)<br>Defendant. ) | No.: 3:24-CR-69-TAV-DCP |

## MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court on defendant's unopposed motion to withdraw his plea agreement [Doc. 40], in which defendant moves the Court to withdraw the previously entered plea agreement filed on December 18, 2024 [Doc. 26].

Pursuant to Count Three of the plea agreement, defendant pled guilty to "possession with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)" [Doc. 26, p. 1]. In support, the plea agreement states that, during the execution of a search warrant at a residence where defendant was present, officers seized approximately 842 grams of various powdery substances that were believed to contain fentanyl and cocaine [*Id.* at 4–5].

In his motion, defendant states that by August 27, 2025, defendant's counsel received forensic chemistry reports confirming that "most of the powdery substances seized during the search warrant were negative for a controlled substance" [Doc. 40, p. 2]. Based on these reports, defendant states, "the parties agree that the factual basis used to

support [C]ount [Three] . . . is not accurate" [*Id.*]. As a result, defendant "seeks to withdraw his guilty plea[,]" and states that the government does not oppose [*Id.*].

Rule 11(d)(2) allows a defendant to withdraw a guilty plea "after the Court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The purpose of Rule 11(d) is to allow a 'hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (quotations omitted)). The Sixth Circuit has clarified that several factors determine if a defendant has met his burden of proving that the withdrawal of his guilty plea is for a fair and just reason. *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006). These non-exclusive factors include:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id.* at 281 (citations omitted). Each factor's relevance varies "according to the 'circumstances surrounding the original entrance of the plea as well as the motion to withdraw.'" *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008) (quoting *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987)).

This Court finds that the first, second, sixth, and seventh factors weigh in favor of defendant. First, defendant initially pled guilty on December 18, 2024 [Doc. 26]. He filed his motion to withdraw his guilty plea on September 10, 2025 [Doc. 40]. However, defendant's counsel did not receive the outstanding chemistry reports until August 27, 2025 [*Id.* at 2]. And defendant's counsel states that since receiving the reports, the parties "have discussed at length how to remedy this situation" [*Id.* at 3]. Thus, although several months have elapsed between the plea and the motion to withdraw it, defendant's counsel acted promptly upon learning information that undermined the validity of the initial plea agreement. Under these circumstances, the Court finds that delay is justified, and the first factor weighs in favor of defendant.

Second, defendant's counsel states that he was not aware about the "discrepancy" related to the forensic reports until "mid to late August 2025" [*Id.*]. Since the reports were disclosed after defendant's change-of-plea hearing, it appears that defendant has a valid reason for the failure to move for withdrawal earlier in the proceedings.

Third, defendant "asserts his innocence as to count 3 [of the plea agreement] because the total weight of fentanyl mixture seized . . . falls below the 400 gram threshold" [*Id.* at 4]. Although defendant did not assert his innocence until filing the motion to withdraw his guilty plea, he was unaware until recently that "most of the powdery substances seized during the search warrant [tested] negative for a controlled substance" [*Id.* at 2]. Since this critical information was not disclosed to defendant at the time of the initial plea, the third factor weighs in favor of defendant.

3

Lastly, the Court finds that the government will not suffer prejudice if defendant's motion is granted. The government has not opposed the motion, and it appears that the parties have been working together to reach a solution in this case. In support of his motion, defendant states that since the disclosure of the forensic reports, the parties "have discussed at length how to remedy this situation[,]" and that if the Court grants relief, "the parties have already negotiated a new plea agreement to resolve this case" [*Id.* at 3–4]. Defendant filed his amended plea agreement on October 3, 2025 [Doc. 41].

In light of the parties' agreement, and for good cause shown, defendant's motion to withdraw his plea agreement [Doc. 40] is **GRANTED** and the previously filed plea agreement [Doc. 26] shall be **WITHDRAWN** from the record of this case. A new change of plea hearing is scheduled for <u>**Tuesday, November 12, 2025, at 10:00 a.m.**</u>

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
